

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*CRAIG CARPENTIO*
*United States Attorney*

*Jason M. Richardson*
*Assistant U.S. Attorney*

*Camden Federal Building & U.S. Courthouse*        *856/757-5026*
*Post Office Box 2098, 401 Market Street, 4ᵗʰ Floor*    *Fax: 856/968-4917*
*Camden New Jersey 08101-2098*

October 8, 2019

John J. Zarych, Esquire
Law Office of John J. Zarych
1555 Zion Road, Suite 201
Northfield, New Jersey 08225

Re:  Plea Agreement with Zackary McFerren

C₁ # 20-53

Dear Mr. Zarych:

This letter sets forth the plea agreement between your client, Zackary McFerren, and the United States Attorney for the District of New Jersey ("this Office").

Charge

The Information

Conditioned on the understandings specified below, this Office will accept a guilty plea from Zackary McFerren to a two-count Information. Both counts charge Zackary McFerren with with transferring obscene material to a minor, in violation of 18 U.S.C. § 1470. If Zackary McFerren enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Zackary McFerren for his transferring obscene material to minors on or about August 19, 2015 and September 15 and 17, 2019. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Zackary McFerren agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Zackary McFerren may be commenced against him, notwithstanding the expiration of the limitations period after Zackary McFerren signs the agreement.

## The Violation of Supervised Release

In addition, Zackary McFerren agrees to enter a plea of guilty to Violations #1 and #3 of the Amended Petition for Warrant or Summons for Offender Under Supervision filed on August 8, 2019, under Criminal No. 16-190 (NLH) (the "Petition" or "Violation Petition"), Dkt 23.  This Violation Petition charges Zackary McFerren with violating the conditions of his supervised release by committing another federal, state or local crime by sending obscene images to minor, as charged in Count 2 of the Information, and accessing a computer without permission of the U.S. Probation Department, as well as other violations.  Zackary McFerren's conditions of supervised release were imposed on October 17, 2016 and his term of supervision release commenced on May 3, 2019.  If Zackary McFerren enters guilty pleas and is sentenced on the charges contained in Violations #1 and #3, and otherwise fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Violations #2 and #4 of the Violation Petition, Criminal No. 16-190 (NLH), against Zackary McFerren.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this Violation of Supervised Release does not remain in full force and effect, Zackary McFerren agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Zackary McFerren may be commenced against him, notwithstanding the expiration of the limitations period after Zackary McFerren signs the agreement.

## Sentencing

### The Information

The violations of 18 U.S.C. § 1470 to which Zackary McFerren agrees to plead guilty each carry a statutory maximum prison sentence of 10 years, and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.  The sentence on each count may run consecutively.  Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Zackary McFerren is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does

not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Zackary McFerren ultimately will receive.

Further, in addition to imposing any other penalty on Zackary McFerren, the sentencing judge: (1) will order Zackary McFerren to pay an assessment of $100, per count, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Zackary McFerren to pay restitution pursuant to 18 U.S.C. § 2248; and (3) pursuant to 18 U.S.C. § 3583, may require Zackary McFerren to serve a term of supervised release of not more than 3 years on each count, which will begin at the expiration of any term of imprisonment imposed. Should Zackary McFerren be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Zackary McFerren may be sentenced to not more than 2 years' imprisonment, per count for a total of 4 year, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

The Violation Petition

Upon Zackary McFerren's plea of guilty to Violations #1 and #3 of the Amended Petition for Warrant or Summons for Offender Under Supervision, Criminal No. 16-190 (NLH), the sentencing judge may extend the previously imposed term of supervised release and modify, reduce or enlarge the conditions of supervised release. Additionally, the sentencing judge may revoke the previously imposed term of supervised release under Criminal No. 16-190 and require Zackary McFerren to serve a term of imprisonment of not more than 2 years imprisonment on each count, for a total of 4 years, regardless of the statutory maximum term of imprisonment for Criminal No. 16-190 (NLH), and without credit for time previously served on post-release supervision for that case. Finally, the sentencing judge could impose an additional term of supervised release for that case. 18 U.S.C. § 3583(e).

The sentencing judge may order that any sentences imposed by the sentencing judge on the violations of 18 U.S.C. §1470 and the violation of supervised release as charged in Violations #1 and #3 of the Petition, each of which Zackary McFerren agrees to plead guilty, be served consecutively to each other or to any other sentence Zackary McFerren may be serving at the time the sentences are imposed pursuant to 18 U.S.C. § 3584 and U.S.S.G. § 7B1.3(h).

For both the Information and the Petition, Zackary McFerren specifically agrees that for purposes of sentencing, uncharged offenses and/or dismissed

3

counts will be treated as relevant conduct pursuant to U.S.S.G. § 1B1.3, to the extent that the offenses are related to the count of conviction.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Zackary McFerren by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Zackary McFerren's activities and relevant conduct with respect to this case.

Stipulations

This Office and Zackary McFerren agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Zackary McFerren from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Zackary McFerren waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

Zackary McFerren understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Zackary McFerren understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Zackary McFerren wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Zackary McFerren understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Zackary McFerren waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Registration Consequences

Zackary McFerren understands that his guilty plea to the charged offenses will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. Zackary McFerren wants and agrees to plead guilty to the charged offenses regardless of any registration consequences of that plea. Zackary McFerren understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, Zackary McFerren waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

## Adam Walsh Child Protection and Safety Act

Zackary McFerren has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where Zackary McFerren resides; where he is an employee; and where he is a student. Zackary McFerren understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a

5

description of any vehicle owned or operated by him, among other information. Zackary McFerren further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. Zackary McFerren has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Zackary McFerren. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Zackary McFerren.

No provision of this agreement shall preclude Zackary McFerren from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Zackary McFerren received constitutionally ineffective assistance of counsel.

No Other Promises

     This agreement constitutes the plea agreement between Zackary McFerren and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By:      JASON M. RICHARDSON
              Assistant U.S. Attorney

APPROVED:

ANDREW CAREY
Assistant U.S. Attorney
Attorney-in-Charge

I have received this letter from my attorney, John J. Zarych, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, immigration consequences, and registration consequences. I further understand that I am giving up certain important rights, including my right to trial by jury, my right to appeal the conviction and sentence in this case, and my right to file a petition for habeas corpus pursuant to 28 U.S.C. § 2255. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____     Date: 1/16/~~17~~ 2020
Zackary McFerren


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, immigration consequences, and registration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____     Date: 1/16/~~18~~ 2020
John J. Zarych, Esq.


8

<u>Plea Agreement With Zackary McFerren</u>

<u>Schedule A</u>

1.      This Office and Zackary McFerren recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Zackary McFerren nevertheless agree to the stipulations set forth herein.

2.      The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

<u>Count 1</u>

3.      The applicable guideline for transferring obscene material to a minor (Victim #1) is U.S.S.G. § 2G3.1. This guideline carries a Base Offense Level of 10. U.S.S.G. § 2G3.1(a).

4.      The offense involved the distribution to a minor. The offense level is therefore increased by 5 levels. U.S.S.G. § 2G3.1(b)(1)(C).

5.      The offense involved the use of a computer or an interactive computer service for the transmission or distribution of obscene material. The offense level is therefore increased by 2 levels. U.S.S.G. § 2G3.1(b)(3).

6.      Accordingly, the adjusted offense level for Count 1 is 17.

<u>Count 2</u>

7.      The applicable guideline for transferring obscene material to a minor (Victim #2) is U.S.S.G. § 2G3.1. This guideline carries a Base Offense Level of 10. U.S.S.G. § 2G3.1(a).

8.      The offense involved the distribution to a minor. The offense level is therefore increased by 5 levels. U.S.S.G. § 2G3.1(b)(1)(C).

9.      The offense involved the use of a computer or an interactive computer service for the transmission or distribution of obscene material. The offense level is therefore increased by 2 levels. U.S.S.G. § 2G3.1(b)(3).

10.     Accordingly, the adjusted offense level for Count 2 is 17.

<u>Grouping</u>

11.     Pursuant to U.S.S.G. § 3D1.2, each count is treated as a separate Group since they involve separate victims.

9

12.     Count 1 is counted as one Unit. U.S.S.G. § 3D1.4(a). Because Count 2 has an offense level that is equally serious to Count 1, one Unit is add. Because there are 2 Units, 2 level are added to the offense level of Count 1, resulting in a combined adjusted offense level 19. U.S.S.G. § 3D1.4.

<u>All Counts</u>

13.     As of the date of this letter, it is expected that Zackary McFerren will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and Zackary McFerren's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. <u>See</u> U.S.S.G. § 3E1.1(a) and Application Note 3.

14.     As of the date of this letter, it is expected that Zackary McFerren will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Zackary McFerren's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Zackary McFerren enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Zackary McFerren's acceptance of responsibility has continued through the date of sentencing and Zackary McFerren therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Zackary McFerren's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

15.     In accordance with the above, the parties agree that the total Guidelines Offense Level applicable to Zackary McFerren is 16 ("the agreed total Guidelines Offense Level").

<u>The Petition</u>

16.     This Office and Zakary McFerren agree that the conduct constituting Violations #1 is a Grade B Violation and #3 is a Grade C Violation pursuant to U.S.S.G. § 7B1.1(a)(1)(B).

17.     Zakary McFerren agrees that his Criminal History Category at the time the defendant was originally sentenced under Criminal No. 16-190 (NLH) on October 17, 2016 was I. U.S.S.G. § 7B1.4.

18.     The defendant reserves his right to request that the sentence for the Information be imposed concurrently with the sentence on the Petition.

10

19.   The Government reserves its right to object and argue that the sentences be served consecutively.

All Counts

20.   The parties agree not to seek or argue for any upward or downward departures at Step II of Sentencing.  The defendant, however, reserves the right to move for a downward variance, pursuant to the relevant factors outlined in 18 U.S.C. § 3553(a)(1) and (2), at Step III of Sentencing. The United States reserves its right to oppose any such application and argue that a sentence within the agreed total Guideline offense level is reasonable and appropriate.

21.   Zackary McFerren knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 16.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 16.  Additionally, the parties agree not to file any appeal, motion or writ which challenges the sentence imposed by the Court for Violation Numbers 1 and 3 of the Petition if that sentence falls within the range set forth in Paragraphs 16 and 17 above.   The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

22.   Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.